**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4692**

———————————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RONALD EDMUNDS,

        Defendant – Appellant.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Matthew J. Perry, Jr., Senior
District Judge. (3:09-cr-00545-MJP-1)

———————————

Submitted: February 15, 2011     Decided: March 31, 2011

———————————

Before NIEMEYER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Johnny E. Watson, Sr., WATSON LAW FIRM, Columbia, South
Carolina, for Appellant. Anne Hunter Young, Assistant United
States Attorney, Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronald Edmunds appeals his thirty-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of falsely representing his social security number on a bank form used to open a checking account (Count Five), in violation of 42 U.S.C. § 408(a)(7)(B) (2006); and one count of knowingly using the identification of another person while opening a checking account (Count Thirteen), in violation of 18 U.S.C. § 1028A(a)(1) (2006). Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), concluding that there are no meritorious grounds for appeal but questioning whether the district court erred in failing to impose a lower sentence in light of Edmunds' substance abuse problems and childhood history. Edmunds was informed of his right to file a pro se supplemental brief, but did not do so. Finding no reversible error, we affirm.

We review a sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Id. This court must assess whether the district court properly calculated the advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained

2

the selected sentence.  United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010).

We conclude that Edmunds' sentence is both procedurally and substantively reasonable.  The district court properly calculated Edmunds' Guidelines range, treated the Guidelines as advisory, and considered the applicable 18 U.S.C. § 3553(a) factors.  See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).  Substantively, the district court based its sentence on its individualized assessment of the facts of the case.  The court imposed a variance sentence below the applicable Guidelines range and, giving its reasoning due deference, we conclude the degree of variance is reasonable. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Thus, the district court did not abuse its discretion in imposing the chosen sentence.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court.  This court requires that counsel inform Edmunds, in writing, of the right to petition the Supreme Court of the United States for further review.  If Edmunds requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof

was served on Edmunds.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED